AUGUST DINGER and JOSEPHINE DINGER, Respondents, *v.* THE CITY OF NEW YORK, Appellant.

FREDERICK DINGER, Respondent, *v.* THE CITY OF NEW YORK, Appellant.

*Eminent domain — driven wells used to provide a city water supply — lowering of the level of subterranean water appurtenant to adjacent farms — measure of damages.*

In actions brought against the city of New York to recover damages for injury done to farm land owned by private individuals, in consequence of the lowering of the level of the subterranean waters appurtenant to such land, incident to the operation of driven wells maintained by the city as a part of its water supply system, the following rules are applicable:

*First.* Loss of profits, as such, cannot be recovered as damages.

*Second.* A plaintiff is not to be deprived of damages sustained, because direct proof of the rental value of the property affected, before and after the trespass, is not given.

*Third.* A plaintiff is entitled to damages for the diminution of the productive value of the property occasioned by the trespass, and upon evidence showing the nature, character and extent of the business of cultivating the property interrupted or diminished by the trespass, plaintiff is entitled to have an assessment of damages even if upon the evidence it is very difficult to reach a satisfactory result.

APPEAL in each of the above-entitled actions by the defendant, The City of New York, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Queens on the 29th day of December, 1903, upon the decision of the court rendered after a trial at the Queens County Special Term.

These actions were brought to recover damages for injury to the plaintiffs' land caused by a reduction of the water level of the land through the operation of driven wells at defendant's pumping station at Spring Creek.

*James D. Bell* [*John J. Delany* with him on the brief], for the appellant.

*Charles Coleman Miller*, for the respondents.

In each action judgment affirmed, with costs, on opinion of Mr. Justice WILMOT M. SMITH at Special Term.

HIRSCHBERG, P. J., BARTLETT, WOODWARD, JENKS and HOOKER, JJ., concurred.

The following is the opinion of SMITH, J., handed down at Special Term:

SMITH, J.:

In the case of *Reisert* v. *City of New York* (174 N. Y. 196) the Court of Appeals undertakes to lay down a proper and workable rule of damages for the guidance of the trial courts in these cases. From a careful examination of the opinions written in that case I deduce the following result:

*First.* That loss of profits, as such, cannot be recovered as damages.

*Second.* A plaintiff is not to be deprived of damages sustained because direct proof of the rental value of the property affected before and after the trespass is not given.

*Third.* A plaintiff is entitled to damages for the diminution of the productive value of the property occasioned by the trespass, and upon evidence showing the nature, character and extent of the business of cultivating the property interrupted or diminished by the trespass, plaintiff is entitled to have an assessment of damages even if upon the evidence it is very difficult to reach a satisfactory result.

In these cases the property in question is located but a short distance from the Spring Creek pumping station, and it is not disputed that the water level on the land has for many years been very greatly and almost continuously lowered. In my opinion the evidence shows that the productive capacity and value of the land has been substantially diminished by the lowering of the water level. Without discussing the value of the theories advanced by the scientific agricultural witnesses upon the trial I find the fact to be that the soil had become adapted and habituated to its peculiar

Second Department, January, 1905.    [Vol. 101.

environment, and when the conditions were radically changed the effect was to lower its vitality and to diminish its ability to respond to cultivation for crops to which under natural conditions it was most favorably adapted. I heartily concur with the intimation of the Court of Appeals that in these cases the effort to determine the amount of damages to be awarded is ofttimes a mere approximation, but I have made the best estimate I can from all the evidence offered, based upon the principles laid down by the Court of Appeals in the *Reisert* case, and I decide that the plaintiff August Dinger has suffered for the past twelve years damages in the sum of $6,000, and the plaintiff Frederick Dinger has suffered for the past twelve years damages in the sum of $2,500, and that the plaintiff in each case is entitled to judgment for the injunctive relief demanded in his complaint as well as for the sums of money mentioned for damages sustained and judgment is directed accordingly, with costs in each case.